IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFERY HORSTMAN,

    Plaintiff,                        No. CIV S-04-1644 GEB DAD P

    vs.

J. CANTU, et al.,

    Defendants.             ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983. Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff's first in forma pauperis application was denied without prejudice to the filing of a properly completed application. Plaintiff's second application makes the showing required by 28 U.S.C. § 1915(a). Plaintiff's request for leave to proceed in forma pauperis will therefore be granted.

        Plaintiff is required to pay the statutory filing fee of $150.00 for this action. See 28 U.S.C. §§ 1914(a) (prior to amendments effective in 2005) & 1915(b)(1). An initial partial filing fee of $11.69 will be assessed by this order. See 28 U.S.C. § 1915(b)(1). By separate

1

order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to his prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1) and (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim has an arguable legal and factual basis.  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A claim fails to state a claim upon which relief may be granted if it appears that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  For screening purposes, the court accepts as true the allegations of the complaint.  Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The court also construes the pleading in the light most favorable to the plaintiff and resolve doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  The court may disregard allegations that are contradicted by facts established by exhibits to the complaint.  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court is not

required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In the present case, plaintiff is now confined at Pleasant Valley State Prison but alleges three causes of action that arose at California State Prison-Sacramento in 2002 and 2003[1]: (1) deliberate indifference to plaintiff's serious medical needs from early 2002 through 2003 by defendants Doe 6, Doe 7, Doe 8, Doe 9, and Doe 10; (2) denial of humane conditions of confinement and excessive force on August 27, 2003, when defendant Doe 1 denied plaintiff access to a bathroom, after which defendants Cantu, Avery, Stetina, Doe 2, Doe 3, and Doe 4 assaulted plaintiff and defendant Doe 1 prevented a doctor from intervening on plaintiff's behalf; and (3) excessive force on September 9, 2003, when defendant Doe 5 sprayed a large amount of pepper spray in plaintiff's face without provocation. Plaintiff seeks compensatory, nominal, and punitive damages.

---

[1] Plaintiff was transferred from California State Prison-Sacramento to a Department of Mental Health facility on December 30, 2003. He was transferred to Pelican Bay State Prison in 2004 and to Pleasant Valley State Prison in 2005.

3

The caption of plaintiff's pro se complaint identifies the defendants as "J. Cantu, et al." and Does 1 through 10.  (Compl. at 1.)  In an introductory section, plaintiff states that he seeks damages against defendants J. Cantu, B. Avery, R. Stetina, and Does 1 through 10.  (Id. at 2.)  Under the heading "PARTIES," plaintiff lists defendants Cantu, Avery, and Stetina and identifies Does 1 through 5 as correctional officers, Does 6 through 8 as medical doctors, Doe 9 as a registered nurse, and Doe 10 as a "med/psych-tech."  (Compl. at 3.)  In the factual allegations offered in support of the first cause of action, plaintiff refers to Doe 9 as "Gilda" but alleges only that she told plaintiff on or after July 18, 2003, that his blood sugar level was normal when, in plaintiff's opinion, it was dangerously low.  In the factual allegations offered in support of his second and third causes of action, plaintiff identifies Doe 1 as Correctional Officer Orr and Doe 5 as Officer D. Whisler.

The court finds that plaintiff's complaint states cognizable Eighth Amendment claims for relief against defendants J. Cantu, B. Avery, R. Stetina, Correctional Officer Orr (Doe 1), and Officer D. Whisler (Doe 5) pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).  If the allegations of the complaint are proven as to these five defendants, plaintiff has a reasonable opportunity to prevail on the merits of this action.[2]

Plaintiff has informed the court that the name of his first named defendant is spelled "Cantu" rather than "Canto."  The Clerk will be directed to change the spelling on the court's docket, and the court will use the correct spelling in this and subsequent orders.

Plaintiff has filed a request for action on his application to proceed in forma pauperis and a request for information on how to proceed.  These requests will be denied as moot.  Plaintiff's motion for reconsideration of the order denying his initial incomplete application to proceed in forma pauperis lacks merit and will also be denied.

/////

---

[2] Plaintiff's complaint fails to name any medical defendant who can be served with process.  This action is currently proceeding only on plaintiff's second and third causes of action.

4

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's August 23, 2004 request to correct the spelling of his first named defendant from "Canto" to "Cantu" is granted, and the Clerk is directed to amend the court's docket to reflect this correction.

2. Plaintiff's September 3, 2004 application to proceed in forma pauperis is granted.

3. Plaintiff is obligated to pay the statutory filing fee of $150.00 for this action. Plaintiff is assessed an initial partial filing fee of $11.69. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

4. Plaintiff's January 10, 2005 petition for court action and March 18, 2005 request for information and action are denied as moot.

5. Plaintiff's April 28, 2005 motion for reconsideration is denied.

6. Service is appropriate for the following five defendants:  J. Cantu, B. Avery, R. Stetina, Correctional Officer Orr, and Officer D. Whisler.

7. The Clerk of the Court shall send plaintiff five USM-285 forms, one summons, an instruction sheet, and a copy of the complaint filed August 12, 2004.

8. Within thirty days from the date of this order, plaintiff shall complete and sign the attached Notice of Submission of Documents and submit all of the following documents to the court simultaneously:

    a. The completed, signed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 6 above; and

    d. Six true and exact copies of the endorsed complaint filed August 12, 2004.

9. Plaintiff shall not attempt service of process on the defendants and shall not request waivers of service of summons. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED: December 19, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
hors1644.1

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFERY HORSTMAN,

      Plaintiff,                  No. CIV S-04-1644 GEB DAD P

   vs.

J. CANTU, et al.,                 NOTICE OF SUBMISSION

      Defendants.            OF DOCUMENTS

_____/

      Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

      _____ one completed summons form;

      _____ five completed USM-285 forms; and

      _____ six true and exact copies of the endorsed complaint filed August 12, 2004.

DATED: _____.

                                              _____
                                              Plaintiff