IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY HORSTMAN,

    Plaintiff,                   No. CIV S-04-1644 GEB DAD P

    vs.

J. CANTU, et al.,

    Defendants.             <u>ORDER TO SHOW CAUSE</u>

         Plaintiff is a state prisoner proceeding pro se. Pursuant to the court's January 12, 2006 order, the United States Marshal served plaintiff's complaint on five defendants. Pursuant to the court's May 25, 2006 order, the Marshal served plaintiff's amended complaint on three additional defendants.[1] On June 19, 2006, defendants Cantu, Avery, Stetina, Orr, Whisler, Borges, Penner, and Demateo filed a motion to dismiss portions of this action pursuant to Rule 12(b)(6) and non-enumerated Rule 12(b) of the Federal Rules of Civil Procedure.

         Plaintiff has not responded to the motion or requested an extension of time to do so. The orders filed in this case on January 12, 2006, and May 25, 2006, provide that all motions to dismiss and all motions pursuant to Rule 12 of the Federal Rules of Civil Procedure "shall be

---

[1] The Marshal was also directed to serve defendant L. Flohr. No return of service has been filed for defendant Flohr to date.

1

briefed pursuant to Local Rule 78-230(m)" and caution that "[f]ailure to oppose such a motion timely may be deemed a waiver of opposition to the motion." (Order filed Jan. 12, 2006, at 3; Order filed May 25, 2006, at 3.[2]) Both orders provide detailed instructions for opposing a motion to dismiss for failure to exhaust administrative remedies. (Id. at 3-4.)

Local Rule 78-230(m) provides that opposition to the granting of a motion "shall be served and filed with the Clerk by the responding party not more than eighteen (18) days, plus three (3) days for mailing or electronic service, after the date of service of the motion." Local Rule 78-230(m). Defendants' declaration of service reflects that their motion was served by mail on June 19, 2006. Plaintiff was required to file any opposition to the motion within eighteen days, plus three because the motion was served by mail, after June 19, 2006. Plaintiff should have delivered his opposition to prison officials for mailing on or before July 10, 2006.

Plaintiff will be granted 18 days, plus 3 for mail service of this order, to file and serve a declaration under penalty of perjury in which he shows good cause for his failure to respond to defendants' motion as required by court orders and Local Rule 78-230(m). The declaration must be accompanied by plaintiff's opposition or a statement of non-opposition to defendants' motion to dismiss.

If plaintiff fails to respond to this order in a timely manner, the undersigned will rely on defendants' evidence and will recommend that plaintiff's claims be dismissed as unexhausted except for plaintiff's claim that he was subjected to excessive force on August 27, 2003.[3]

/////

---

[2] Pursuant to the court's January 12, 2006 order, the Clerk of the Court sent plaintiff a copy of the Local Rules together with his copy of the order.

[3] If the unexhausted claims are dismissed, all defendants not involved in the use of excessive force will be dismissed. Plaintiff alleges in his amended complaint that defendants Cantu, Avery, Stetina, and Orr were involved in the incident, along with other officers whose names are unknown to plaintiff. Defendants' evidence shows that plaintiff stated in his inmate appeal that three unknown correctional officers were involved in the incident.

1  Accordingly, IT IS ORDERED that:

2  1. Plaintiff shall file and serve, within twenty-one days after the date on which this order is signed, a declaration under penalty of perjury in which he shows good cause for his failure to respond to defendants' motion to dismiss as required by court orders and Local Rule 78-230(m); plaintiff's opposition or statement of non-opposition to defendants' June 19, 2006 motion to dismiss shall be filed with plaintiff's declaration of good cause;

3  2. If plaintiff files opposition to the June 19, 2006 motion to dismiss, defendants' reply shall be filed and served in accordance with Local Rule 78-230(m); and

4  3. Plaintiff's failure to file a timely response to this order will result in a recommendation that all unexhausted claims be dismissed.

DATED: July 24, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
hors1644.osc

3