IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY HORSTMAN,

            Plaintiff,                   No. CIV S-04-1644 GEB DAD P

    vs.

J. CANTU, et al.,                  <u>ORDER AND</u>

            Defendants.         <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

          Plaintiff is a state prisoner proceeding pro se with this action.  Plaintiff's original complaint was served on five defendants, and his amended complaint has been served on four additional defendants.  Defendants Borges, Demateo, Penner, Orr, and Whisler have moved to dismiss the claims against them on the ground that plaintiff failed to exhaust his administrative remedies before bringing this action.  Defendant Flohr subsequently moved to join in the motion.  Plaintiff opposes dismissal of his claims against defendant Orr but has filed a statement of non-opposition to defendant Flohr's joinder motion as well as a statement of non-opposition to dismissal of his claims against defendants Borges, Demateo, Penner, Whisler, and Flohr.

          The undersigned will recommend that plaintiff's claims against defendants Borges, Demateo, Flohr, Penner, and Whisler be dismissed without prejudice.  The sole remaining issue is whether plaintiff's claims against defendant Orr should be dismissed.

BACKGROUND

In his original complaint, plaintiff alleged that defendants Cantu, Avery, Stetina, and Does 1 through 5 were involved in the unauthorized, unjustified, and unnecessary use of brutal force on plaintiff on August 27, 2003.  (Compl. at 3.)  In his description of the events of August 27, 2003, plaintiff identifies Correctional Officer Orr as Doe 1.  (Id. at 9.)

Plaintiff's original complaint and his amended complaint allege detailed information about the events of August 27, 2003:  plaintiff is a participant in the CDCR mental health delivery service system; on August 27, 2003, plaintiff had a 45-minute interview with Christine Volker, Ph.D., and was then taken directly to his 2 and 1/2 hour long group session; plaintiff had a family history of diabetes and had been experiencing and seeking treatment for frequent urination; he asked defendant Orr if he could use the restroom; defendant Orr told plaintiff that if he wanted to use the bathroom he would have to "go home" for the day; plaintiff repeated his request several times and explained that he could not miss any more group sessions or he would be penalized; defendant Orr refused to allow plaintiff to take a break and return to the group session; plaintiff asked to talk to the sergeant; while waiting for Sergeant Cantu, plaintiff was placed in a holding cage; during the 30 minutes he was in the holding cage, plaintiff was unable to wait any longer and urinated in the holding cage; defendant Cantu arrived with defendants Avery, Stetina, and other officers whose names were not known to plaintiff; plaintiff told the sergeant that he had been suffering dizziness and frequent urination and had been seeking treatment for two years; defendant Cantu told plaintiff he did not believe him; defendant Cantu then unlocked the holding cage door and yelled at the other officers to "get him"; defendants Avery and Stetina pulled plaintiff from the holding cage and struck plaintiff in the face three or four times each; six officers surrounded plaintiff, punched him in the face several times, and slammed him face down on the floor; plaintiff was struck in his back, ribs, and kidney area more than 35 times; plaintiff was then handcuffed and shackled and was kicked in the face and ribs several additional times; plaintiff was dragged through the urine on the floor and had his

1    face rubbed in it by the officers who assaulted and beat him; as plaintiff was escorted out of the

2    room, he recognized Dr. Volker standing outside the door, where she was being restrained by

3    defendant Orr; Dr. Volker was present to do crisis intervention but was told by defendant Cantu

4    that there would not be any intervention; plaintiff did not resist the officers or give them cause to

5    use force; after the beating, plaintiff was placed in his assigned cell without receiving medical

6    treatment for his injuries; three hours later, Dr. Volker came to plaintiff's cell and asked if he was

7    all right; plaintiff told Dr. Volker that he couldn't breathe; Dr. Volker instructed two officers to

8    take plaintiff to the emergency room for treatment; plaintiff was treated for several bruised and

9    broken ribs, a bruised neck, and a lacerated upper lip; his injuries were photographed, and other

10   evidence was collected; Dr. Volker filed citizens complaints with the CDCR and the State

11   Personnel Board; plaintiff was moved to another unit because Captain Vance feared for

12   plaintiff's safety; in 2004, at a different institution, plaintiff was diagnosed with hypoglycemia.

13          The undersigned determined that the second cause of action in plaintiff's original

14   complaint alleged denial of humane conditions of confinement and excessive force when

15   defendant Doe 1/Orr denied plaintiff access to a bathroom, defendants Cantu, Avery, Stetina,

16   Doe 2, Doe 3, and Doe 4 assaulted plaintiff, and defendant Doe 1/Orr prevented a doctor from

17   intervening on plaintiff's behalf.  (Order filed Dec. 19, 2005, at 3-4.)  The undersigned found that

18   the second cause of action stated cognizable Eighth Amendment claims for relief against

19   defendants Cantu, Avery, Stetina, and Orr.  (Id. at 4.)

20          After the original complaint was served on five defendants, but prior to the filing

21   of defendants' responsive pleading, plaintiff moved for leave to amend and submitted a proposed

22   amended complaint.  The amended complaint includes virtually identical allegations in support

23   of the second cause of action.  (See Am. Compl. at 5-13 & 16-17.)  The undersigned again

24   determined that the second cause of action states cognizable Eighth Amendment claims for relief

25   against defendants Cantu, Avery, Stetina, and Orr.  (Order filed May 4, 2006, at 2.)

26   /////

                                                    3

1    In due course, plaintiff's amended complaint was served, and defendants filed the

2  pending motion to dismiss certain claims pursuant to Rule 12(b)(6) and non-enumerated Rule

3  12(b) of the Federal Rules of Civil Procedure.  On July 24, 2006, plaintiff was ordered to show

4  good cause for his failure to respond to the motion as required by court orders and Local Rule 78-

5  230(m).  On July 25, 2006, the Clerk docketed an untimely request for extension of time received

6  from plaintiff on July 24, 2006.  Plaintiff subsequently filed a response to the order to show cause

7  along with his response to defendants' motion to dismiss.  Good cause appearing, the order to

8  show cause will be discharged, plaintiff's opposition to defendants' motion will be deemed

9  timely, and plaintiff's motion for extension of time will be denied as moot.

10              DEFENDANTS' MOTION REGARDING DEFENDANT ORR

11  I.  Defendants' Arguments

12    Defendants argue that the court should dismiss all claims in the amended

13  complaint except the excessive force claim against defendants Cantu, Avery, and Stetina because

14  plaintiff did not exhaust administrative remedies on any claim except the excessive force claim.

15  Defendants provide a copy of the inmate appeal that exhausted plaintiff's administrative

16  remedies on the excessive force claim.  In the inmate appeal, plaintiff stated that he was severely

17  beaten on August 27, 2003, by officers Cantu, Avery, "Santina," and other unknown officers.

18    Defendants also argue that the claim against defendant Orr should be dismissed

19  because the allegations against defendant Orr fail to state facts showing that he violated

20  plaintiff's federal constitutional rights.  Defendants contend that plaintiff's allegations do not

21  show that defendant Orr had a culpable state of mind, do not reflect that plaintiff ever made

22  defendant Orr aware of his medical condition causing frequent urination, do not demonstrate that

23  defendant Orr did anything more than require plaintiff to choose between a bathroom break and

24  television privileges, and therefore do not describe the kind of deprivation that rises to the level

25  of cruel and unusual punishment.

26  /////

1  II.  Plaintiff's Opposition

2          Plaintiff opposes dismissal of defendant Orr on the ground that his Eighth

3  Amendment claim against this defendant is not based on the defendant's refusal to give him a

4  restroom break but rather on the defendant's participation in the unjustified, unauthorized, and

5  severe beating that resulted in serious physical injuries.  Plaintiff refers to his original complaint,

6  in which he alleged that defendants Cantu, Avery, and Stetina arrived with three unknown

7  officers, that later he was surrounded by six officers, and that later still he saw defendant Orr

8  preventing Dr. Volker from intervening.  Plaintiff argues that Dr. Volker revealed to plaintiff that

9  defendant Orr participated in beating plaintiff.

10          Plaintiff asserts that his inmate appeal alleged beating by three named officers

11  (Cantu, Avery, and Stetina) and three unknown officers.  He states that during the investigation

12  conducted by the investigative services unit defendant Orr was identified by plaintiff and Dr.

13  Volker as having participated in the beating of plaintiff.  Plaintiff argues that he can prove both

14  the objective and subjective components of an Eighth Amendment claim against defendant Orr.

15                                              ANALYSIS

16  I.  Defendant Orr's Motion to Dismiss Pursuant to Rule 12(b)(6)

17          A.  Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)

18          A motion brought pursuant to Rule 12(b)(6) is a challenge to the sufficiency of the

19  pleading.  For purposes of ruling on such a motion, the court must take as true the material facts

20  alleged in the complaint.  Hospital Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740

21  (1976); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  The court must also construe the

22  complaint in the light most favorable to the plaintiff.  Jenkins, 395 U.S. at 421; Meek v. County

23  of Riverside, 183 F.3d 962, 965 (9th Cir. 1999).  Pro se pleadings must be held to a less stringent

24  standard than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520-21

25  (1972).  See also Ortez v. Washington County, 88 F.3d 804, 807 (9th Cir. 1996) (noting that

26  courts must liberally construe a pro se litigant's inartful pleading).  A motion to dismiss for

1  failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can

2  prove no set of facts in support of his claims which would entitle him to relief.  <u>Hishon v. King</u>

3  <u>& Spalding</u>, 467 U.S. 69, 73 (1984); <u>Palmer v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d

4  1289, 1294 (9th Cir. 1981).

5       B.  <u>Discussion</u>

6            Upon screening plaintiff's original complaint, the undersigned found that

7  plaintiff's allegations stated a cognizable Eighth Amendment claim against defendant Orr.  Upon

8  screening plaintiff's amended complaint, the undersigned found again that plaintiff's allegations

9  state a cognizable Eighth Amendment claim for relief against defendant Orr.  The undersigned

10 has reviewed the amended complaint a second time and again finds that the pro se pleading states

11 a cognizable claim against defendant Orr.  Plaintiff has, at a minimum, alleged that defendant Orr

12 failed to intervene and deliberately prevented another person from intervening in the August 27,

13 2003 assault on him.

14           In his opposition, plaintiff asserts that defendant Orr actually participated in the

15 beating.  The extent of defendant Orr's involvement in the incident must be decided at another

16 time.  For purposes of the pending motion to dismiss, it is enough that plaintiff has alleged facts

17 that, liberally construed in plaintiff's favor, demonstrate a sufficiently serious violation of

18 plaintiff's right to be free from cruel and unusual punishment and establish that defendant Orr

19 acted with deliberate indifference to plaintiff's health and safety.

20           The undersigned will recommend that defendants' motion to dismiss the claims

21 against defendant Orr pursuant to Rule 12(b)(6) be denied.

22 II. <u>Defendant Orr's Motion to Dismiss Pursuant to Non-Enumerated Rule 12(b)</u>

23      A.  <u>Legal Standards</u>

24           By the Prison Litigation Reform Act of 1995 (PLRA), Congress amended 42

25 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions

26 under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail,

prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).

The Supreme Court has ruled that exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures.  Booth v. Churner, 532 U.S. 731, 741 (2001).  The Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement.  Id. at 741 n.6.  Because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal.  Woodford v. Ngo, ___ U.S. ___, 126 S. Ct. 2378, 2382 (2006).

In California, state regulations permit prisoners to appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare."  Cal. Code Regs. tit. 15, § 3084.1(a).  Most appeals progress from an informal review through three formal levels of review.  See Cal. Code Regs. tit. 15, § 3084.5.  A decision at the third formal level, also referred to as the director's level, is not appealable and will conclude a prisoner's administrative remedy.  Cal. Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2).  A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available before filing suit.  Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

The PLRA exhaustion requirement creates an affirmative defense that a defendant may raise in a non-enumerated Rule 12(b) motion.  Wyatt v. Terhune, 315 F.3d 1108, 1117-19 & nn.9 & 13 (9th Cir. 2003).  The defendant bears the burden of raising and proving the absence of exhaustion. 315 F.3d at 1119.  "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact."  Id. at 1119-20.  "I[f] the district court looks beyond the pleadings to a factual record in

1   deciding the motion to dismiss for failure to exhaust–a procedure closely analogous to summary

2   judgment–then the court must assure that [the prisoner] has fair notice of his opportunity to

3   develop a record."[1] Id. at 1120 n.14.  When the district court concludes that the prisoner has not

4   exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim

5   without prejudice."  Id. at 1120.

6        B.  Discussion

7         Defendants concede that plaintiff exhausted his excessive force claim against

8   defendants Cantu, Avery, and Stetina.  The copy of plaintiff's inmate appeal submitted by

9   defendants shows that plaintiff complained of the unjustified use of force by defendants Cantu,

10   Avery, Stetina, and other officers whose names or identities were not known to plaintiff when he

11   prepared the appeal.  In opposition to defendants' motion, plaintiff has asserted that defendant

12   Orr was one of those officers.

13         The PLRA requires prisoners to use the administrative process that the state

14   provides, but does not require more.  Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005)

15   (reversing the district court's dismissal of defendants not named in the prisoner's inmate appeal

16   because the form at issue "did not require identification of any specific persons").  "A prison

17   appeal need not name each defendant named in a subsequent federal action as a matter of law."

18   Tillis v. Lamarque, No. C 04-3763 SI, 2006 WL 644876, at *4 (N.D. Cal. Mar. 9, 2006) (finding

19   that the CDC 602 inmate appeal form "does not require anyone to be named").  See also Lewis v.

20   Mitchell, 416 F. Supp. 2d 935, 941-42 (S.D. Cal. 2005) (holding that the CDC 602 inmate appeal

21   form does not require an inmate to name or identify specific persons and adopting the magistrate

22   judge's finding that the inmate sufficiently exhausted administrative remedies as to all

23   defendants even though only two defendants were named in the inmate appeal).

24

25        [1] Plaintiff was twice notified of the requirements for opposing a motion to dismiss
  brought pursuant to non-enumerated Rule 12(b).  (See Order filed Jan. 12, 2006, at 3-4; Order
26   filed May 25, 2006, at 3-4.)

1        The undersigned finds that defendants have not carried their burden of proving

2   that plaintiff failed to exhaust available administrative remedies against defendant Orr.  In light

3   of plaintiff's allegations against defendant Orr, the undersigned finds that the same inmate appeal

4   that exhausted plaintiff's administrative remedies against defendants Cantu, Avery, and Stetina

5   also exhausted available administrative remedies against defendant Orr.  The undersigned will

6   therefore recommend that defendants' motion to dismiss the claims against defendant Orr

7   pursuant to non-enumerated Rule 12(b) be denied.

8        Accordingly, IT IS ORDERED that:

9        1.  Upon consideration of plaintiff's July 24, 2006 motion for extension of time

10  and plaintiff's August 1, 2006 response to the court's order to show cause, the court finds good

11  cause for plaintiff's failure to file a timely response to defendants' motion to dismiss;

12       2.  The court's July 24, 2006 order to show cause is discharged;

13       3.  Plaintiff's opposition to defendants' motion to dismiss, submitted on August 1,

14  2006, as an attachment to plaintiff's response to the order to show cause, is deemed timely;

15       4.  Plaintiff's July 24, 2006 motion for extension of time is denied as moot;

16       5.  Defendant Flohr's August 15, 2006 motion to join in the June 19, 2006 motion

17  to dismiss is granted;

18       IT IS RECOMMENDED that:

19       1.  Defendants' June 19, 2006 motion to dismiss be denied as to defendant Orr

20  and granted as to defendants Borges, Demateo, Penner, Whisler, and Flohr;

21       2.  Plaintiff's claims against defendants Borges, Demateo, Penner, Whisler, and

22  Flohr be dismissed without prejudice for failure to exhaust available administrative remedies on

23  those claims before bringing this action; and

24       3.  Defendants Cantu, Avery, Stetina, and Orr be directed to file an answer to

25  plaintiff's amended complaint within the time provided by Rule 12(a)(4)(A) of the Federal Rules

26  of Civil Procedure.

1    These findings and recommendations will be submitted to the United States

2  District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

3  twenty days after being served with these findings and recommendations, any party may file and

4  serve written objections with the court.  A document containing objections should be titled

5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections

6  shall be filed and served within ten days after service of the objections.  The parties are advised

7  that failure to file objections within the specified time may, under certain circumstances, waive

8  the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

9  1991).

10  DATED: December 20, 2006.

11

12  _____

13  DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

14  DAD:13
    hors1644.mtd

15

16

17

18

19

20

21

22

23

24

25

26