IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY HORSTMAN,

    Plaintiff,            No. CIV S-04-1644 GEB DAD P

  vs.

J. CANTU, et al.,

    Defendants.        ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.  Before the court is defendants' motion to compel plaintiff's deposition and request for sanctions and defendants' motion to modify the scheduling order.

        On January 10, 2007, this court issued a discovery order.  On July 23, 2007, this court issued a scheduling order.  Pursuant to these orders, defendants were allowed to depose plaintiff on or before November 16, 2007 in accordance with Rule 30(b)(1) of the Federal Rules of Civil Procedure.

        According to counsel for the defendants, on November 16, 2007, correctional staff arrived a plaintiff's cell to escort him to the deposition but plaintiff refused.  When the officers explained to him that his case could be dismissed if he failed to attend the deposition, he

/////

1

1  responded that he did not care.  Correctional staff asked plaintiff to exit his cell and attend the
2  deposition three times, but plaintiff refused on each occasion.

3          It is anticipated that the deposition reporting service will charge defendants at
4  least a $250 appearance fee with respect to the deposition that did not take place due to plaintiff's
5  refusal to exit his cell.  In addition, defense counsel states that approximately one hour was spent
6  preparing for the deposition and at least two and one half hours was devoted to preparing this
7  motion to compel.  The Office of the Attorney General of the State of California currently bills at
8  a rate of $158.00 per hour for attorney time spent on behalf of clients who are billed for those
9  legal services.  Accordingly, defendants contend that the total costs and attorney's fees associated
10 with plaintiff's refusal to participate in his deposition is $803.

11         Defendants argue that the court should impose the sanction of dismissal for
12 plaintiff's failure to attend his properly noticed deposition or impose monetary sanctions.
13 Alternatively, defendants argue that the court should compel plaintiff to participate in his
14 deposition outside the discovery date within forty-five days.

15         First, dismissal is so harsh a penalty that it should be imposed as a sanction only
16 in extreme cases.  <u>Thompson v. Housing Authority of the City of Los Angeles</u>, 782 F.2d 829, 831
17 (9th Cir. 1986).  Plaintiff has provided no justification for his refusal to attend his deposition.  In
18 this regard, plaintiff is in violation of multiple court orders and rules.[1]  Nevertheless, plaintiff's
19 failure to appear may have been willful or may have been due to his inability as a pro se litigant

---

[1] First, plaintiff failed to respond to defendants' motion to compel. Pursuant to the order filed in this action on January 12, 2006, all motions concerning discovery shall be briefed by the parties pursuant to Local Rule 78-230(m). (Order filed Jan. 12, 2006 at 3.) The same order cautions that failure to oppose a motion timely may be deemed a waiver of opposition to the motion. (<u>Id.</u> at 3.) Second, the discovery order filed in this action on January 10, 2007, provides that defendants may depose plaintiff on the condition that, at least fourteen days before such a deposition, defendants serve all parties with the notice required by Fed. R. Civ. P. 30(b)(1). (Order filed Jan. 10, 2007, at 1-2.) The order further provides that, "[i]f disputes arise about the parties' obligations to respond to requests for discovery, the parties shall comply with all pertinent rules," including the briefing requirements of Local Rule 78-230(m). (<u>Id.</u> at 2.) Plaintiff did not attend his properly served and noticed deposition, did not seek an extension of time to prepare or a protective motion, and did not respond to defendants' motion to compel.

to understand his discovery responsibilities.  Accordingly, at the present time, the court will deny defendants' request to issue the sanction of dismissal in this action.

Although the court has broad discretion to impose sanctions pursuant to Rule 37, the court finds that defendants' request for monetary sanctions is premature under the current circumstances.  Again, as an inmate proceeding pro se and in forma pauperis plaintiff may have misunderstood his rights and responsibilities regarding appearance at his deposition.  Although plaintiff's inability to pay should not be the only reason for the court's denial of monetary sanctions, it can be considered.  Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994).  Accordingly, at the present time, the court will deny defendants' request for imposition of monetary sanctions upon plaintiff.

The court will, however, compel plaintiff's attendance at his deposition.  The undersigned has the authority under Local Rule 73-302(c)(1) to order plaintiff to submit to deposition.  Accordingly, the court will grant defendants' motion to compel and will order plaintiff to cooperate with defendants in the taking of his deposition.  Any further refusal on plaintiff's part will result in a recommendation for dismissal of this action.

Finally, defendants have shown good cause to modify the scheduling order.  Under the current scheduling order, the parties were ordered to complete discovery by November 16, 2007, and file any dispositive motions by January 11, 2007.  Defendants anticipate filing a motion for summary judgment, but they contend that, through no fault of their own, they have been unable to take plaintiff's deposition.  They believe that plaintiff's deposition testimony is necessary to prepare a motion for summary judgment.  Good cause appearing, the court will modify the scheduling order to allow defendants to file a dispositive motion.  In addition, the court will vacate scheduling order dates related to pretrial statements, pretrial conference, and jury trial.  The court will issue a revised scheduling order if necessary after defendants' motion for summary judgment has been ruled upon.  The remainder of the scheduling order will remain in effect.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' November 16, 2007 motion to compel is granted. Plaintiff shall participate in his deposition within forty-five days of the date of this order. Any refusal by plaintiff to cooperate in the taking of his deposition will result in a recommendation for dismissal of this action.

2. Defendants' November 16, 2007 request for dismissal and monetary sanctions is denied without prejudice.

3. Defendants' January 10, 2008 request to modify the scheduling order is granted. The last day for defendants filing of a summary judgment motion is extended from January 11, 2008, to May 2, 2008.

4. Dates related to the filing of pretrial statements, pretrial conference, and jury trial set in the scheduling order filed July 23, 2007 are vacated. The court will issue a revised scheduling order if necessary after defendants' motion for summary judgment has been ruled upon.

5. Except as stated in this order, the remainder of the court's July 23, 2007 scheduling order will remain in effect.

DATED: January 14, 2008.

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
hors1644.mtc+