IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY HORSTMAN,

      Plaintiff,                      No. CIV S-04-1644 GEB DAD P

    vs.

J. CANTU, et al.,

      Defendants.               ORDER

_____/

        On January 14, 2008, the court granted defendants' motion to compel and ordered plaintiff to participate in his deposition within forty-five days. The court also granted defendants' request to modify the scheduling order in this case so that defendants could file a motion for summary judgment after they completed plaintiff's deposition. The court granted defendants to and including May 2, 2008, to file their dispositive motion. The court also vacated scheduling order dates related to pretrial statements, pretrial conference and jury trial.

        Defendants have not filed a motion for summary judgment and have not requested an extension of time beyond the May 2, 2008 deadline set by the court. Accordingly, the court will, by this order, reset a schedule for this litigation. Any further request for leave to file a dispositive motion must be made by motion for leave to act out of time, with the proposed dispositive motion attached as an exhibit.

1

In due course, the parties will be required to file pretrial statements in accordance with the schedule set forth below.  In addition to the matters already required to be addressed in the pretrial statement in accordance with Local Rule 16-281, plaintiff will be required to make a particularized showing in his pretrial statement in order to obtain the attendance of witnesses. Plaintiff is advised that failure to comply with the procedures set forth below may result in the preclusion of any and all witnesses named in his pretrial statement.

At the trial of this case, the plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit.  In general, there are two kinds of trial evidence:  (1) exhibits and (2) the testimony of witnesses.  It is the plaintiff's responsibility to produce all of the evidence to prove his case, whether that evidence is in the form of exhibits or witness testimony.  If the plaintiff wants to call witnesses to testify, he must follow certain procedures to ensure that the witnesses will be at the trial and available to testify.

I. <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily</u>

An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless this court orders the warden or other custodian to permit the witness to be transported to court.  This court will not issue such an order unless it is satisfied that:

    1. The prospective witness is willing to attend;

    <u>and</u>

    2. The prospective witness has actual knowledge of relevant facts.

<u>With the pretrial statement</u>, a party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial.

/////

/////

The motion must:

    1. State the name and address of each such witness;

and

    2. Be accompanied by affidavits showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.

The willingness of the prospective witness can be shown in one of two ways:

    1. The party himself can swear by affidavit that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed. The party must state in the affidavit when and where the prospective witness informed the party of this willingness; or

    2. The party can serve and file an affidavit sworn to by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective witness' actual knowledge of relevant facts can be shown in one of two ways:

    1. The party himself can swear by affidavit that the prospective witness has actual knowledge. However, this can be done only if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts. For example, if an incident occurred in the plaintiff's cell and, at the time, the plaintiff saw that a cellmate was present and observed the incident, the plaintiff may swear to the cellmate's ability to testify.

Or

    2. The party can serve and file an affidavit sworn to by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness. Whether the affidavit is

3

1  made by the plaintiff or by the prospective witness, it must be specific
2  about what the incident was, when and where it occurred, who was
3  present, and how the prospective witness happened to be in a position to
4  see or to hear what occurred at the time it occurred.

The court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court. Subsequently, the court will issue the order necessary to cause the witness' custodian to bring the witness to court.

II.  <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily</u>

If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should submit with his pretrial statement a motion for the attendance of such witnesses. Such motion should be in the form described above. In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

III.  <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily</u>

It is the responsibility of the party who has secured an unincarcerated witness' voluntary attendance to notify the witness of the time and date of trial. No action need be sought or obtained from the court.

IV.  <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily</u>

If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, <u>not earlier than four weeks and not later than two weeks before trial</u>, the party must prepare and submit to the United States Marshal a subpoena for service by the Marshal upon the witness. Also, the party seeking the witness' presence must tender an appropriate sum of money to the witness through the United States Marshal. In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 <u>plus the witness' travel expenses</u>.

A subpoena will not be served by the United States Marshal upon an unincarcerated witness unless the subpoena is accompanied by a money order made payable to the witness for the full amount of the witness' travel expenses plus the daily witness fee of $40.00.  As noted earlier, because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed in forma pauperis.

Good cause appearing, pursuant to Fed. R. Civ. P. 16(b), IT IS HEREBY ORDERED that:

1. Plaintiff shall file and serve his pretrial statement and any motions necessary to obtain the attendance of witnesses at trial on or before September 5, 2008.  Defendants shall file their pretrial statement on or before September 12, 2008.  The parties are advised that failure to file a pretrial statement may result in the imposition of sanctions, including dismissal of this action.

2. Pretrial conference (as described in Local Rule 16-282) is set in this case for September 19, 2008, before the magistrate judge.  The pretrial conference shall be conducted on the file only, without appearance by either party.

3. A trial confirmation hearing before the Honorable Garland E. Burrell Jr., is set for January 16, 2009, at 1:30 p.m. in Courtroom 10.

4. This matter is set for jury trial before the Honorable Garland E. Burrell Jr., on February 24, 2009, at 9:00 a.m. in Courtroom 10.

5. Except as stated in this order, the remainder of the court's July 23, 2007 scheduling order will remain in effect.

DATED: May 13, 2008.

DAD:9
hors1644.msj

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE